Mr. Mark A. Violette Mary Esther City Attorney Post Office Box 5499 Destin, Florida 32540
Dear Mr. Violette:
On behalf of the City Council of the City of Mary Esther, you ask substantially the following question:
Does the payment of bonuses to city employees violate section215.425, Florida Statutes?
In sum:
The payment of bonuses to existing employees for services they have already performed and have been compensated for would violate section 215.425, Florida Statutes, unless there is a preexisting employment contract making such bonuses a part of their salary or the city council has adopted a lump-sum bonus payment program to reward outstanding employees whose performance exceeds standards, provided the bonus payment is not included in the employee's regular base rate of pay or carried forward in subsequent years.
Section 215.425, Florida Statutes, provides in pertinent part that "[n]o extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered[.]"[1]
Extra compensation generally refers to an additional payment for services performed or compensation over and above that fixed by contract or by law when the services are rendered.[2]
The purpose of this provision is to implement a basic and fundamental principle, included in Florida's Constitution,[3] that public funds may be used only for a public purpose. Therefore, the payment of retroactive compensation, lump sum allowances or other forms of compensation not provided for by law or contract is generally prohibited by section 215.425, Florida Statutes.[4]
Thus, for example, this office stated in Attorney General Opinion 91-51 that the payment of a bonus to employees of the tax collector's office for services they have already performed and been compensated for would constitute "extra compensation," which is prohibited by section 215.425 in the absence of a preexisting employment contract that includes a provision making this payment a part of the salary for the position.
In 1992, the Legislature amended section 215.425, Florida Statutes, to authorize both counties and municipalities to adopt extra compensation programs to reward outstanding employees.[5] In the same act, the Legislature amended section 166.021, Florida Statutes, to provide in subsection (7):
"Notwithstanding the prohibition against extra compensation set forth in s. 215.425, the governing body of a municipality may provide for an extra compensation program, including a lump-sum bonus payment program, to reward outstanding employees whose performance exceeds standards, if the program provides that a bonus payment may not be included in an employee's regular base rate of pay and may not be carried forward in subsequent years."[6]
The simultaneous amendment of sections 125.01 and 166.021, Florida Statutes, shows that the allowed "extra compensation" referred to in section 215.425 is limited to bonus payments that may not be included in the employee's base pay or be carried forward in subsequent years.[7] With the adoption of these exemptions to section 215.425, Florida Statutes, however, the Legislature has recognized such employee bonuses as an innovation that serves the public interest.
Accordingly, I am of the opinion that the payment of bonuses to existing employees for services they have already performed and been compensated for would violate section 215.425, Florida Statutes, unless there is a preexisting employment contract making such bonuses a part of their salary or the city council has adopted a lump-sum bonus payment program to reward outstanding employees whose performance exceeds standards, provided the bonus payment is not included in the employee's regular base rate of pay or carried forward in subsequent years.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 215.425, Fla. Stat., formerly Art. XVI, s. 11, Fla. Const. 1885, was converted to statutory law by Art. XII, s. 10, Fla. Const. 1968.
[2] See, e.g., Ops. Att'y Gen. Fla. 89-53 (1989), 75-279 (1975), stating that the term "denotes something done or furnished in addition to, or in excess of the requirement of the contract; something not required in the performance of the contract." Seegenerally, 67 C.J.S. Officers s. 236.
[3] See, Art. VII, s. 10, Fla. Const. 
[4] See, e.g., Ops. Att'y Gen. Fla. 89-53 (1989), 86-53 (1986), and 85-57 (1985).
[5] See, s. 3, Ch. 92-90, Laws of Florida, which added the provision making the section inapplicable to extra compensation given to county or municipal employees.
[6] See, s. 2, Ch. 92-90, Laws of Florida. And see, s. 1, Ch. 92-90, Laws of Florida, which added a similar provision for counties to s. 125.01(1), Fla. Stat.
[7] See, Senate Staff Analysis, SB 616, Economic, Consumer and Community Affairs Committee, January 14, 1992, indicating that the effect of the proposed changes would allow lump-sum bonus payment programs to reward outstanding employees whose performance exceeds standards. And see, Op. Att'y Gen. Fla. 92-49 (1992).